ON MOTION FOR REHEARING
DAUKSCH, Judge.
We withdraw our prior opinion and substitute in its stead the following.
This is an appeal from a judgment granting appellee an agricultural classification for ad valorem tax purposes. Appellants are the property appraiser and the state department of revenue.
The property involved has been cattle land for many years. It is a part of a county which was almost all agriculturally oriented until Walt Disney World and other tourist industries began. Little England was to be a tourist attraction and it bought the subject land for that purpose. Until it would become operational Little England leased its property to the Overstreets, a ranching family from way-back, on a periodic basis for cattle grazing and some citrus production. During the years involved here Jennings Overstreet leased the land and without question used it for agricultural purposes.
The issue is whether agricultural use of nonagricultural zoned land permits an agricultural classification when the landowner obtains the change in zoning from agricultural to non-agrieultural.
Section 193.461(4)(a)3, Florida Statutes (Supp.1982) requires the property appraiser to “... reclassify the following lands as nonagricultural: ... Land that has been zoned to a nonagricultural use at the request of the owner subsequent to the enactment of this law ...”
This statute is clear and unequivocal but its meaning has been interpreted, in conjunction with another portion of the statute, by our supreme court.
In Markham v. Fogg, 458 So.2d 1122 (Fla.1984), that court held:
As to the final prong of the test, the landowner has no right of rebuttal to the mandatory reclassification of the subject property. This is not fatal, however, because the instant statute can be read in pari materia with Section 193.461(3)(b). After property has been reclassified under subsection (4)(a)3 as non-agricultural, the landowner is not precluded from presenting evidence under subsection (3)(b) to show that his property is indeed being used primarily for bona fide agri *282 cultural purposes. That later subsection lists several factors that may be shown by the landowner and if sufficient the property would then be classified agricultural. The procedure, in essence, would be the same as if subsection (4)(a)3 itself were rebuttable. For this reason, it clearly satisfies the third prong of the due process test.
Markham at 1126.
Apparently in order to satisfy due process concerns, the Florida Supreme Court has construed section 193.461(4)(a)3, Florida Statutes, as allowing the landowner to regain his agricultural classification even after the mandatory reclassification resulting from rezoning. He does this by showing “that his property is indeed being used primarily for bona fide agricultural purposes.” In the instant case, there is no question concerning the fact that Jennings Overstreet used the 450 acres concerned in the direct appeal for agricultural purposes.
The appellant contends that language quoted above from Markham is “self-contradictory.” Nevertheless, we are bound to follow and apply it. Therefore, we have granted rehearing and have issued this opinion to be in accord with Markham. We have withdrawn our prior opinion which found the statute to be mandatory and replaced it with this opinion which, under Markham, allows the mandatory classification to be changed.
The order appealed is AFFIRMED.
COBB, C.J., and ORFINGER, J., concur.